# In the United States Court of Federal Claims

No. 18-1046C
(Filed:  December 21, 2018)

```
*************************************
NICHOLAS WEIR,                       *
                                     *
                 Plaintiff,          *
                                     *
       v.                            *
                                     *
THE UNITED STATES,                   *
                                     *
                 Defendant.          *
*************************************
```

Pro Se Plaintiff; RCFC 12(b)(1); Subject-Matter Jurisdiction; Money-Mandating Source of Law; Equitable Relief; 28 U.S.C. § 1500; In Forma Pauperis

Nicholas Weir, Uniondale, NY, pro se.

Sean Siekkinen, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Chief Judge

This case arises out of pro se plaintiff Nicholas Weir's efforts to (1) decriminalize marijuana by resort to the judicial process and (2) obtain redress for various alleged violations of constitutional and civil rights as well as for alleged torts committed against him by federal officials.  Defendant moves to dismiss Mr. Weir's complaint, asserting that the United States Court of Federal Claims ("Court of Federal Claims") lacks subject-matter jurisdiction to entertain Mr. Weir's claims and that, alternatively, Mr. Weir has failed to state a claim upon which this court can grant relief.  As explained below, the court lacks jurisdiction to consider Mr. Weir's claims.  Therefore, in addition to granting Mr. Weir's application to proceed in forma pauperis, the court grants defendant's motion and dismisses the complaint.

## I. BACKGROUND

Mr. Weir attended college at the City University of New York.  Weir v. Montefiore Med. Ctr., No. 16-9846, 2018 WL 1033238, at *3 (S.D.N.Y. Feb. 22, 2018), appeal docketed, No. 18-813 (2d Cir. Mar. 26, 2018).  He believes that the City University of New York and the State of New York have "conspired to coerce [him] to enlist in the military" and that he "has been monitored and stalked daily" by New York state agencies, leading him to file a lawsuit in the

7018 0040 0001 1393 1129

New York Court of Claims in 2015.[1] Id. (internal quotation marks omitted). He contends that from fall 2013 to fall 2015, the university "discriminated against him for reporting misconducts, harassments, and criminal offenses" and "engaged in retaliatory actions, including having rogue military personnel and other government officials engage in frequent poisoning of his food and spraying toxic gas in his room." Weir v. N.Y. Funded Agencies, No. 17-9001, 2017 WL 8777381, at *1 (S.D.N.Y. Dec. 11, 2017) (internal quotation marks omitted).

After attending the City University of New York, Mr. Weir worked as a lab technician at the Albert Einstein College of Medicine from December 28, 2015, through March 3, 2016. Weir, 2018 WL 1033238, at *1-2. Although he was terminated ostensibly because he "did not pass his probationary period," Mr. Weir asserts that the lab terminated his employment due to racial discrimination and in retaliation for his 2015 New York Court of Claims lawsuit. Id. at *1, *3 (alterations and internal quotation marks omitted). On April 7, 2016, Mr. Weir filed another suit in the New York Court of Claims against the City University of New York and the State of New York; that suit was apparently unsuccessful. Weir, 2017 WL 8777381, at *1. He then filed a Title VII discrimination complaint with the Equal Employment Opportunity Commission and obtained a certificate to sue. Id. at *1 n.1. Since then, Mr. Weir has unsuccessfully sought redress for the alleged discrimination, retaliation, and harassment in various courts.

Most recently, on July 2, 2018, Mr. Weir filed a complaint against various federal and state officials in the Supreme Court of the State of New York for Nassau County, which was docketed as case number 608841/2018; that action was removed to the United States District Court for the Eastern District of New York ("Eastern District of New York") on July 31, 2018, where it was docketed as case number 18-4335. Weir v. Federally Funded Agencies, No. 18-4335, slip op. at 1 (E.D.N.Y. Sept. 21, 2018). In his July 2, 2018 complaint, Mr. Weir alleged, in part, that the defendants had been retaliating against him continuously since October 2013, having

> poisoned the food in his room and refrigerator, sprayed an odorless
> gas into his car, searched his room, solicited him to use marijuana
> on public transportation, compromised his phone service, switched
> the wiring on his laptop adapter, opened his mail, purposefully hit
> his car while he was driving in order to stage a car accident, placed
> toxic substances on his food at a fast food restaurant, stalked him,
> disrupted and blocked his internet access, sabotaged several job
> opportunities, and bribed his former employer to terminate his
> employment.

Id. at 3-4. In other words, Mr. Weir "allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various federal and state actors." Id. at 5-6. That action was dismissed sua sponte as frivolous on September 21, 2018. Id. at 6. The court emphasized that Mr. Weir's "continued filing of repetitive, frivolous complaints constitutes an

---

[1] The outcome of Mr. Weir's 2015 lawsuit in the New York Court of Claims is not relevant to resolving defendant's motion to dismiss the instant case.

abuse of the judicial process." <u>Id.</u> at 7-8 (emphasis added).  Mr. Weir then appealed the dismissal order to the United States Court of Appeals for the Second Circuit ("Second Circuit"), where it was docketed as case number 18-3069 and remains pending.

Before case number 608841/2018 was removed to the Eastern District of New York, Mr. Weir filed his complaint in the instant case on July 16, 2018.  In his complaint, Mr. Weir contends that federal agencies and their employees have violated his Third, Fourth, Seventh, and Fourteenth Amendment rights; asserts civil rights violations pursuant to 42 U.S.C. §§ 1983, 1985, and 1986; and posits that the listing of marijuana as a Schedule I drug is improper.  Compl. ¶ 1.  Specifically, he alleges that

> [f]ederal agencies and agents retaliated against me for discrimination (race) and other protected activities that I engaged in.  [Certain named and unnamed individuals] unlawfully entered my room repeatedly [to] poison my food and spray toxic gas into my room.  They are federal agents.  [One of them] intentionally opened my mail on several occasions.  John Doe(s) maliciously stalk me as I travel to New Jersey from New York and purposefully interrupted my internet connection.  John Doe(s) solicited me with marijuana on public transportation with the likely inten[t] to send me to jail or prison.

<u>Id.</u> ¶ 3.  Mr. Weir requests that the court "read index number 608841/2018 . . . for additional information."  <u>Id.</u>  He then asks for two forms of "[d]eclaratory relief": (1) the removal of marijuana "from any schedule ranking" and (2) an unspecified cease-and-desist order "against all federally funded agencies and [their] agents."  <u>Id.</u>

Defendant asks the court to dismiss Mr. Weir's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") or, alternatively, for failure to state a claim upon which this court can grant relief pursuant to RCFC 12(b)(6).  Defendant asserts that "[n]one of the provisions alleged in the complaint" are within the court's subject-matter jurisdiction.  Def.'s Mot. Dismiss 5.  Defendant also notes that the Court of Federal Claims does not have jurisdiction to entertain tort claims or to issue the declaratory judgment that Mr. Weir seeks.  <u>Id.</u> at 6-7.  Finally, defendant observes that Mr. Weir repeats the same allegations before this court as he did in prior actions and that those claims have been adjudicated on the merits against him.  <u>Id.</u> at 7-8.  Consequently, defendant contends, Mr. Weir's claims before this court are barred by res judicata and thus his complaint fails to state a claim upon which this court can grant relief.  <u>Id.</u>  In any event, defendant remarks, Mr. Weir's claims are not plausible and must be dismissed.  <u>Id.</u> at 9-10.

In his opposition to defendant's motion to dismiss,[2] Mr. Weir candidly acknowledges that "the majority of the circumstances instigating [his] Complaint is rooted in tort," but posits that "there are aspects that are 'pseudo-tort'" and thus the Court of Federal Claims "should temporarily extend its judicial jurisdiction in granting declaratory and injunctive relief[]." Pl.'s Opp'n Def.'s Mot. Dismiss ("Opp'n") 1, 3. He explains that he needs injunctive relief in the form of a "cease and desist order and protective order . . . as it relates to federal agents who are not associated with the State or local government and individuals operating under the disguise of these agents." Id. at 2. Mr. Weir contends that the "abrupt dismissals" of his prior cases amounts to a denial of his "[F]ourteenth [A]mendment right to due process." Id. According to Mr. Weir, the Court of Federal Claims "has jurisdiction [over] 'any regulation of an executive department,'" including the Drug Enforcement Administration, and thus the court should not dismiss his complaint. Id. at 3.

After defendant filed its reply, the court allowed Mr. Weir to file a surreply. Defendant's motion is now fully briefed, and because the court deems oral argument unnecessary, defendant's motion is ripe for adjudication.

## II. LEGAL STANDARDS

### A. RCFC 12(b)(1)

In determining whether subject-matter jurisdiction exists, the court generally "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). With respect to a motion to dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, that the court possesses subject-matter jurisdiction. Id. However, the court is not limited to the pleadings in considering subject-matter jurisdiction. Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014); Pucciariello v. United States, 116 Fed. Cl. 390, 400 (2014). Further, the court has no subject-matter jurisdiction over frivolous claims. Moden v. United States, 404 F.3d 1335, 1340-41 (Fed. Cir. 2005). For example, there is no subject-matter jurisdiction over claims that are "so insubstantial, implausible, foreclosed by prior decisions . . . , or otherwise completely devoid of merit as not to involve a federal controversy." Id. at 1341 (internal quotation marks omitted); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."). If the court finds that it lacks subject-matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

---

[2]  With his opposition to defendant's motion to dismiss, Mr. Weir filed a motion to amend his complaint to incorporate the contents of his opposition. Because the court will consider the contents of Mr. Weir's opposition as if they had been included in the complaint, it denies Mr. Weir's motion as moot.

## B. RCFC 12(b)(6)

A claim that survives a jurisdictional challenge remains subject to dismissal under RCFC 12(b)(6) if it does not provide a basis for the court to grant relief. Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002) ("A motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy."). To survive an RCFC 12(b)(6) motion to dismiss, a plaintiff must include in the complaint "enough facts to state a claim to relief that is plausible on its face" sufficient for the defendant to have "fair notice" of the claim and the "grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (internal quotation marks omitted). In other words, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In ruling on such a motion, the court must "accept as true all of the factual allegations contained in the complaint" and any attachments thereto. Erickson, 551 U.S. at 94 (citing Twombly, 550 U.S. at 555-56); accord RCFC 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); Rocky Mountain Helium, LLC v. United States, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (applying RCFC 10(c) and emphasizing that "a court 'must consider the complaint in its entirety, . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice'" (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007))). However, that presumption does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" or to "a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678-79 (internal quotation marks omitted) (citing Twombly, 550 U.S. at 555).

The issue at this stage of litigation is not the sufficiency of defendant's potential defenses or the likelihood of Mr. Weir's eventual success on the merits of his claim, but simply whether Mr. Weir has alleged specific facts describing a plausible claim for relief. See Chapman Law Firm Co. v. Greenleaf Constr. Co., 490 F.3d 934, 938 (Fed. Cir. 2007) ("The court must determine 'whether the claimant is entitled to offer evidence to support the claims,' not whether the claimant will ultimately prevail." (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974))).

## C. Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted). However, the "leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 179 (1936); Banks, 741 F.3d at 1277 (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

### D. Subject-Matter Jurisdiction

Whether the court possesses jurisdiction to decide the merits of a case is a "threshold matter." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). Subject-matter jurisdiction cannot be waived or forfeited because it "involves a court's power to hear a case." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall) 506, 514 (1868). Therefore, it is "an inflexible matter that must be considered before proceeding to evaluate the merits of a case." Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); accord K-Con Bldg. Sys., Inc. v. United States, 778 F.3d 1000, 1004-05 (Fed. Cir. 2015). Either party, or the court sua sponte, may challenge the court's subject-matter jurisdiction at any time. Arbaugh, 546 U.S. at 506; see also Jeun v. United States, 128 Fed. Cl. 203, 209-10 (2016) (collecting cases).

### E. The Tucker Act

The ability of the Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "may not be inferred, but must be unequivocally expressed." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2012); White Mountain, 537 U.S. at 472. However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 298 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

### F. 28 U.S.C. § 1500

The Court of Federal Claims does not possess jurisdiction to hear claims that are pending in another court. 28 U.S.C. § 1500; United States v. Tohono O'Odham Nation, 563 U.S. 307, 311 (2011); Brandt v. United States, 710 F.3d 1369, 1374 (Fed. Cir. 2013); Res. Invs., Inc. v. United States, 114 Fed. Cl. 639, 647 (2014). Whether this statutory bar to jurisdiction applies is measured at the time the complaint is filed. Brandt, 710 F.3d at 1379-80; Res. Invs., 114 Fed. Cl. at 647; Vero Tech. Support, Inc. v. United States, 94 Fed. Cl. 784, 790 (2010).

> To determine whether [28 U.S.C.] § 1500 applies, a court must make two inquiries: (1) whether there is an earlier-filed "suit or process" pending in another court, and, if so, (2) whether the

claims asserted in the earlier-filed case are "for or in respect to" the same claim(s) asserted in the later-filed Court of Federal Claims action. If the answer to either of these questions is negative, then the Court of Federal Claims retains jurisdiction.

Brandt, 710 F.3d at 1374. Two actions are "for or in respect to the same claim . . . if they are based on substantially the same operative facts, regardless of the relief sought in each suit." Tohono, 563 U.S. at 317.

Whether 28 U.S.C. § 1500 operates to bar this court from exercising jurisdiction in this case was not raised by the parties, but the court has the responsibility to examine all pertinent issues relevant to subject matter jurisdiction because "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010); accord Gonzalez v. Thaler, 132 S. Ct. 641, 658 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented.").

### III. ANALYSIS

Under a liberal construction of his pro se complaint, Mr. Weir is alleging claims for assault, battery, conspiracy, harassment, and trespass; violations of the Third, Fourth, and Seventh Amendments; violation of the Due Process Clause of the Fourteenth Amendment; and civil rights violations. Based on his request that the court to refer to case number 608841/2018, Mr. Weir asserts that both federal and state officials and agencies have committed these violations. Mr. Weir also seeks a declaratory judgment that marijuana should not be listed as a scheduled drug and appears to collaterally attack decisions issued by several federal district courts. It is clear that the Court of Federal Claims lacks jurisdiction over all of his claims. Consequently, Mr. Weir's complaint must be dismissed.

### A. The United States Is the Only Proper Defendant in the Court of Federal Claims

Mr. Weir apparently understands that the Court of Federal Claims is a court of limited jurisdiction. Indeed, he states that he "need[s] injunctive relief . . . as it relates to federal agents who are not associated with the State or local government and individuals operating under the disguise of these agents" and remarks that he is pursuing actions against state officials in state court. Opp'n 2. However, as noted above, he refers to illegal actions by both federal and state actors in his complaint.

In the Court of Federal Claims, "the only proper defendant . . . is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003); accord RCFC 10(a). Because "the United States itself" is the only proper defendant in the Court of Federal Claims, this court lacks jurisdiction "over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees." Anderson v. United States, 117 Fed. Cl. 330, 331 (2014). Similarly, the Court of Federal Claims

lacks jurisdiction "over suits against private parties."[3] Edelmann v. United States, 76 Fed. Cl. 376, 380 (2007). In other words, "if the relief sought [in the Court of Federal Claims] is against other than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." Sherwood, 312 U.S. at 584.

Accordingly, to the extent that Mr. Weir complains of improper conduct by parties other than the federal government, this court lacks jurisdiction over those claims, and they must be dismissed.

## B. The Court of Federal Claims Lacks Jurisdiction Over Mr. Weir's Civil Rights and Tort Claims

To the extent that Mr. Weir asserts civil rights violations and commissions of various torts, his claims are outside the reach of this court's Tucker Act jurisdiction.

First, the Court of Federal Claims is not a federal district court. Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); see also Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553, 563 (2017) (distinguishing between the "Court of Federal Claims" and "federal district courts").

Second, only federal district courts possess jurisdiction to entertain claims alleging civil rights violations. 28 U.S.C. § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . ."); see, e.g., Jones v. United States, 104 Fed. Cl. 92, 98 (2012) (explaining that the Court of Federal Claims has no jurisdiction over claims based on, among other causes of action, alleged "violations of . . . civil rights"); Stamps v. United States, 73 Fed. Cl. 603, 609-10 (2006) (explaining that "[e]xclusive jurisdiction to hear civil rights claims," including violations of 42 U.S.C. § 1986, "resides in the federal district courts"); Marlin v. United States, 63 Fed. Cl. 475, 476 (2005) (explaining that Bivens claims and claims alleging violations of 42 U.S.C. §§ 1981, 1983, and 1985 must be heard in federal district courts).

Third, this court lacks jurisdiction to entertain claims sounding in tort. 28 U.S.C. § 1491(a); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008). Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680, jurisdiction over tort claims against the federal government lies exclusively in federal district courts. U.S. Marine, Inc. v. United States, 722 F.3d 1360, 1365-66 (Fed. Cir. 2013). Claims of assault, battery,

---

[3] "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011). When a government official commits an illegal act, that act cannot be attributed to the government because government officials have no authority to violate the law. Therefore, by alleging illegal conduct by certain government officials, Mr. Weir necessarily sues those actors in their individual capacities, not their official capacities.

conspiracy, harassment, and trespass sound in tort. See, e.g., Cycenas v. United States, 120 Fed. Cl. 485, 498 (2015) (conspiracy and trespass); Cox v. United States, 105 Fed. Cl. 213, 218 (2012) (harassment); Burman v. United States, 75 Fed. Cl. 727, 729 (2007) (assault and battery).

In short, the court must dismiss any civil rights or tort claims asserted by Mr. Weir.

## C. The Court of Federal Claims Lacks Jurisdiction Over Mr. Weir's Constitutional Claims

In addition to asserting civil rights and tort claims, Mr. Weir alleges the violation of his Third, Fourth, and Seventh Amendment rights. He further alleges a violation of the Due Process Clause of the Fourteenth Amendment, which can be construed to suggest a violation of the Due Process Clause of the Fifth Amendment. However, none of these constitutional provisions is money-mandating. See Conner v. United States, 641 F. App'x 972, 975 (Fed. Cir. 2016) (unpublished decision) (collecting cases); see also Brown v. United States, 105 F.3d 621, 623-24 (Fed. Cir. 1997) (Fourth Amendment); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process Clauses of the Fifth and Fourteenth Amendments); Abbas v. United States, 124 Fed. Cl. 46, 55-56 (2015) (Seventh Amendment). As stated above, the Court of Federal Claims lacks jurisdiction over claims that are "not tied to money-mandating sources of law." Ivaldy v. United States, 655 F. App'x 813, 815 (Fed. Cir. 2016) (per curiam) (unpublished decision). Accordingly, Mr. Weir's constitutional claims are beyond the jurisdiction of this court.

## D. The Court of Federal Claims Lacks Jurisdiction Over Criminal Matters

Next, Mr. Weir alleges that various individuals "unlawfully" tried to poison him. To the extent that this allegation describes criminal conduct, the court cannot consider it. It is well established that the Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) (internal quotation marks omitted) (summarily affirming a Court of Federal Claims dismissal order); see also Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (collecting cases). Therefore, to the extent that Mr. Weir seeks redress for criminal violations, such claims must be dismissed as beyond the jurisdiction of this court.

## E. The Court of Federal Claims Lacks Jurisdiction to Entertain Plaintiff's Collateral Attack Against the Decisions of Other Courts

In addition to alleging claims involving civil rights, torts, and criminal matters, Mr. Weir appears to be collaterally attacking the dismissals of his lawsuits in various courts. However, the Tucker Act does not provide the Court of Federal Claims with jurisdiction to entertain such collateral attacks. See, e.g., Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to scrutinize the actions of another

tribunal." (internal quotation marks omitted)).  Mr. Weir's recourse concerning prior adverse decisions is "the statutorily defined appellate process," Shinnecock Indian Nation, 782 F.3d at 1353 (citing 28 U.S.C. § 1291), whether in state or federal court.  In short, the court cannot consider Mr. Weir's collateral attack on prior court decisions.

## F.  The Court of Federal Claims Lacks Authority to Grant Equitable Relief

Finally, Mr. Weir seeks a permanent injunction (in the form of a cease-and-desist order) and a declaratory judgment (delisting marijuana as a scheduled drug).  However, it is well settled that the Court of Federal Claims generally lacks the authority to grant such equitable relief.  See Bowen v. Massachusetts, 487 U.S. 879, 905 (1988) (holding that the Court of Federal Claims lacks the "general equitable powers of a district court to grant prospective relief").  This court is only authorized to award equitable relief in certain specified situations.  See id. at 905 n.40; Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec., 490 F.3d 940, 943 (Fed. Cir. 2007); Kanemoto v. Reno, 41 F.3d 641, 644-45 (Fed. Cir. 1994).  None of those circumstances applies here.  See 28 U.S.C. § 1491(a)(2) (providing the court with jurisdiction to issue, "as incident of and collateral to" an award of money damages, "orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records"); id. (providing the court with jurisdiction to render judgment in nonmonetary disputes arising under the Contract Disputes Act of 1978); id. § 1491(b)(2) (providing the court with jurisdiction to award declaratory and injunctive relief in bid protests); id. § 1507 (providing the court with jurisdiction to issue declaratory judgments under 26 U.S.C. § 7428).  Mr. Weir's statement that "the monetary damage that [he is] seeking in regards to the ranking of weed is 4 cents," Pl.'s Surreply 1, does not convert his request for a declaratory judgment into a claim for money damages.  In short, this court lacks jurisdiction to award equitable relief in the instant case.

## G.  Mr. Weir's Claims Are Pending in Another Court

In any event, Mr. Weir's suit is barred in this court by the application of 28 U.S.C. § 1500, which provides that the Court of Federal Claims "shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States . . . ."  When Mr. Weir filed his complaint in the instant case, the same claims as asserted therein were pending in New York state court.

First, Mr. Weir had "an earlier-filed 'suit or process' pending in another court," Brandt, 710 F.3d at 1374, when his complaint was filed in this court on July 16, 2018.  The relevant action is case number 608841/2018 in Nassau County, which was filed on July 2, 2018, and was still active when Mr. Weir filed his complaint here.  See Cent. Pines Land Co. v. United States, 697 F.3d 1360, 1365 (Fed. Cir. 2012) ("[J]urisdiction of the court depends upon the state of things at the time of the action brought." (quoting Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 570 (2004))).

That the earlier case was pending in state court, rather than federal court, is of no moment. By its own terms, 28 U.S.C. § 1500 is concerned with earlier-filed actions that are pending "in any other court . . . ." (Emphasis added). That language is properly read to encompass state court as well as federal court. Cf. Lasker-Goldman Corp. v. United States, 4 Cl. Ct. 89, 90 (1983) (observing that if the plaintiff had alleged, in a lawsuit pending in state court, that one of the named defendants was acting as an agent of the federal government at the time of the events in question, the pendency of that lawsuit "would deprive [the Court of Federal Claims] of jurisdiction" by operation of 28 U.S.C. § 1500). Congress could have easily restricted the scope of 28 U.S.C. § 1500 to federal court, yet it chose not to do so. That choice advances the purpose of the statute—to "save the Government from burdens of redundant litigation," Tohono, 563 U.S. at 315—even though the United States cannot generally be sued in state court, but see, e.g., 28 U.S.C. § 2410 (allowing the federal government to be named as a defendant in certain state court actions concerning real property). After all, when the United States is sued in state court, removal to federal court is not automatic. See id. § 1442(a) (providing that state court lawsuits against the United States "may be removed" to federal district court (emphasis added)). Because the United States was a named defendant in case number 608841/2018, it had to enter an appearance to remove the action to the Eastern District of New York.

Second, that case—which is now pending at the Second Circuit—involves the same claims as asserted in this court. The two cases appear to be "based on substantially the same operative facts," Tohono, 563 U.S. at 317, because Mr. Weir alleges, in both cases, that he was the subject of civil rights violations, discrimination, retaliation, stalking, harassment, misappropriation of mail, interference with his Internet connection, and solicitation to participate in criminal activity. Moreover, Mr. Weir specifically asked this court to refer to the earlier case.

Therefore, since Mr. Weir had an earlier-filed suit pending in New York state court when he filed his complaint in the Court of Federal Claims, and the same operative facts underlie both actions, the Court of Federal Claims is divested of jurisdiction pursuant to 28 U.S.C. § 1500.

## H. The Court Declines to Transfer This Case

When the Court of Federal Claims lacks jurisdiction over a claim, it is empowered to transfer such claim to an appropriate court if doing so "is in the interest of justice." 28 U.S.C. § 1631. "Transfer is appropriate when three elements are met: (1) [t]he transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." Brown v. United States, 74 Fed. Cl. 546, 550 (2006). The failure of even one of these elements renders transfer improper.

Transferring Mr. Weir's case to an appropriate district court will not "serve the interests of justice." Khalil v. United States, 133 Fed. Cl. 390, 393 (2017). In Khalil, another judge of this court declined to transfer the case because doing so would "serve[] no purpose" since the plaintiff's claims had already been considered by a district court. Id. In the instant case, Mr. Weir has similarly "already availed himself of the opportunity," id., to present his claims against the federal government to a district court; indeed, he has an appeal pending at the Second Circuit.

Therefore, as in Khalil, transferring Mr. Weir's claims would be futile. Accordingly, the court declines to transfer any part of Mr. Weir's case to another court.

## IV.  MR. WEIR'S APPLICATION TO PROCEED IN FORMA PAUPERIS

To proceed with a civil action in this court, a plaintiff must either pay $400 in fees—a $350 filing fee plus a $50 administrative fee—or request authorization to proceed without payment of fees by submitting a signed application to proceed in forma pauperis.[4]  See 28 U.S.C. §§ 1915, 1926; RCFC 77(c); see also Waltner v. United States, 93 Fed. Cl. 139, 141 n.2 (2010) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that (1) lists all of their assets, (2) declares that they are unable to pay the fees, and (3) states the nature of the action and their belief that they are entitled to redress.  28 U.S.C. § 1915(a)(1).  Evaluation of a plaintiff's ability to pay is "left to the discretion of the presiding judge, based on the information submitted by the plaintiff."  Alston-Bullock v. United States, 122 Fed. Cl. 38, 45 (2015).

Mr. Weir filed, concurrent with his complaint, an application to proceed in forma pauperis.  Mr. Weir has fulfilled all three requirements of 28 U.S.C. § 1915(a)(1), and the court is satisfied that he is unable to pay the filing fee otherwise required by RCFC 77.1(c).  Therefore, the court grants Mr. Weir's application and waives his filing fee.

## V.  CONCLUSION

The court has considered all of the parties' arguments.  To the extent not discussed herein, they are unpersuasive, meritless, or unnecessary for resolving the matters currently before the court.

Regardless of whether Mr. Weir was treated unfairly in his past employment, the Court of Federal Claims plainly lacks jurisdiction to entertain his claims.  Accordingly, the court **GRANTS** defendant's motion to dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1).  In addition, the court **GRANTS** Mr. Weir's application to proceed in forma pauperis.  The court **DENIES AS MOOT** all other pending motions.  Mr. Weir's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.  No costs.  The clerk is directed to enter judgment accordingly.

---

[4]  While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28 of the United States Code, 28 U.S.C. § 451, the court has jurisdiction to adjudicate applications to proceed in forma pauperis.  See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be a "court of the United States" for purposes of 28 U.S.C. § 1915).

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith because, as asserted, Mr. Weir's claims are clearly beyond the subject-matter jurisdiction of this court.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Chief Judge